MARK P. WINE (STATE BAR NO. 189897)
mwine@orrick.com
KURT T. MULVILLE (STATE BAR NO. 149218)
kmulville@orrick.com
MARK J. SHEAN (STATE BAR NO. 217671)
mshean@orrick.com
JAMES MAUNE (STATE BAR NO. 293923)
jmaune@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, California  92614-8255
Telephone:  +1-949-567-6700
Facsimile:  +1-949-567-6710

Attorneys for Plaintiff
QUEST NUTRITION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUEST NUTRITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF SUPERVISORS OF LSU AGRICULTURAL AND MECHANICAL COLLEGE, a Louisiana organization; LSU AGRICULTURAL CENTER, a Louisiana organization; and WILLIAM RICHARDSON, ROBERT YARBOROUGH, ANN DUPLESSIS, GARRET DANOS, SCOTT BALLARD, STANLEY JACOBS, J. STEPHEN PERRY, SCOTT ANGELLE, JOHN GEORGE, RAYMOND LASSEIGNE, R. BLAKE CHATELAIN, JAMES MOORE, JR., RONALD ANDERSON, ROLFE MCCOLLISTER, JR., JACK LAWTON, JR., LEE MALLETT, as individuals and in their official capacities,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. DECLARATORY JUDGMENT FOR OWNERSHIP OF PATENT APPLICATION**<br>**2. DECLARATORY JUDGMENT FOR CORRECTION OF INVENTORSHIP OF PATENT APPLICATION**<br>**3. PRELIMINARY INJUNCTIVE RELIEF**<br>**4. ACCOUNTING**<br>**5. CONVERSION**<br>**6. BREACH OF CONTRACT**<br>**7. BREACH OF CONTRACT**<br>**8. INDUCING BREACH OF CONTRACT**<br>**9. UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff, Quest Nutrition, LLC ("Quest Nutrition"), files this Complaint against the above-named defendants, Board of Supervisors of LSU Agricultural and Mechanical College ("Board"), LSU Agricultural Center ("Agricultural Center"), William Richardson, Robert Yarborough, Ann Duplessis, Garret Danos, Scott Ballard, Stanley Jacobs, Ann Duplessis, J. Stephen Perry, Scott Angelle, John George, Raymond Lasseigne, R. Blake Chatelain, James Moore, Jr., Ronald Anderson, Rolfe McCollister, Jr., Jack Lawton, Jr., Lee Mallett (collectively, "Defendants"), and demanding a trial by jury, alleges as follows:

## JURISDICTION AND VENUE

1. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as well as subject matter jurisdiction over this action as it arises under the patent laws of United States Code, Title 35 and under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court also has pendent jurisdiction for the common law claims.

2. This Court has jurisdiction over Defendants due to Defendant's purposeful direction of activities to residents of California. In addition to the contractual relationships created by Defendants and California corporations such as Quest Nutrition, on information and belief, Defendants Board and Agricultural Center have participated in conferences within the State of California, solicited research contracts, funds, and volunteers within the State of California, and targeted advertising to residents of the State of California and within this District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this dispute between the parties occurred and continue to occur in this judicial district.

## THE PARTIES

4. Plaintiff Quest Nutrition is a California corporation with its principal place of business at 2233 East El Segundo Boulevard, El Segundo, California 92045.

5. On information and belief, Board has a principal place of business at 6400 Perkins Road, Baton Rouge, Louisiana 70803.

6. On information and belief, Agricultural Center has a principal place of business at 104 J. Norman Efferson Hall, Baton Rouge, Louisiana 70803.

7. On information and belief, Defendant William Richardson is the Vice President of Agriculture and Dean of the College of Agriculture. The College of Agriculture is located at 138 Martin D. Woodin Hall, Baton Rouge, Louisiana 70803.

8. On information and belief, Robert Yarborough, Ann Duplessis, Garret Danos, Scott Ballard, Stanley Jacobs, J. Stephen Perry, Scott Angelle, John George, Raymond Lasseigne, R. Blake Chatelain, James Moore, Jr., Ronald Anderson, Rolfe McCollister, Jr., Jack Lawton, Jr., and Chester Mallett comprise the Board of Supervisors for the Louisiana State University System. Each Defendant is sued in his or her official capacity, and in his or her individual and personal capacity. The Office of the Board of Supervisors is located at 3810 W. Lakeshore Dr., Rm. 104, Baton Rouge, LA 70808.

## FACTUAL ALLEGATIONS

9. Quest Nutrition is a leading supplier of high quality nutritional bars and food products that are targeted to active, health-conscious consumers seeking nutritional supplements, meal replacements, and/or specialized food products. During the course of its business, Quest Nutrition continuously searches for improved ingredients for its products and retains outside researchers to investigate new ingredients and production methods.

10. In the summer of 2013, Quest Nutrition contacted representatives of the Defendants Board and Agricultural Center to commission an investigation into a potential new sweetener.

11. On September 9, 2013, Quest Nutrition, Board, and Agricultural Center entered into a Confidentiality and Non-Disclosure Agreement (the

"Agreement"). Pursuant to the Agreement, "Confidential Information" pertaining to "evaluating the feasibility and desirability of potential business collaborations" would be disclosed. The Agreement precluded the parties to the Agreement from using the confidential information "for any purpose other than this assessment."

12. In the event of a breach of the confidentiality provisions of the Agreement, the breaching party "would be liable to the disclosing party, not only for damages arising out of such breach, but also for reasonable attorney's fees and reasonable costs incurred in enforcing the obligations of this Agreement."

13. The Agreement further provided that "no patent license or other license is granted to a Recipient [of the confidential information], and that the disclosure of proprietary and confidential information shall not result in any obligation to grant the Recipient any rights in the subject matter disclosed."

14. On September 24, 2013, Quest Nutrition provided information to Dr. Zhijun Liu, a scientist employed by Board and/or Agricultural Center, regarding the product to be tested including chromatograms from tests conducted on the product. On or before this date, Quest Nutrition provided samples of the product to Dr. Liu.

15. On September 26, 2013, Quest Nutrition sent Dr. Liu further comparative chromatograms via email for use in the experiments being commissioned.

16. On September 30, 2013, Ron Penna, a representative of Quest Nutrition, and Dr. Liu entered into a Research Agreement wherein Mr. Penna provided Dr. Liu with authorization from Quest to proceed with experiments to identify the sweetener within the product.

17. On October 1, 2013, Dr. Liu sent an email to Ron Amen, a representative of Quest Nutrition, which stated in part "Ron, got it. Will arrange to have it isolated and structurally elucidated."

18. On October 14, 2013, Dr. Liu sent an email to Ron Penna, stating he was unable to obtain the product for testing. Dr. Liu requested Ron Penna to

1    purchase additional samples of the product and send it to Dr. Liu for testing.

2         19.    On October 14, 2013, Ron Penna said he would arrange for the
3    purchase of the product samples and would send the product samples to Dr. Liu for
4    testing.

5         20.    On October 17, 2013, Dr. Liu sent an email to Ron Penna
6    acknowledging receipt of the shipment of the additional product samples to be
7    tested.

8         21.    On November 5, 2013, Dr. Liu informed Quest Nutrition that the
9    sweetener had been isolated and provided an update regarding attempts to purify
10   the sweetener.

11        22.    On November 6, 2013, Dr. Liu provided an estimate of the costs for
12   further research, including costs for work that would be invoiced by Defendants
13   Board and/or Agricultural Center.

14        23.    On November 7, 2013, Dr. Liu sent Quest Nutrition an invoice for his
15   consulting services and stated that the invoice from the university would be coming
16   soon.

17        24.    On December 2, 2013, Dr. Liu emailed Quest Nutrition and stated, in
18   part, "We know the formula, the molecular weight, and the 2D planar
19   structure…Any information on the IP ownership and any thoughts on protecting it
20   if possible?  I could assemble a comprehensive package in supporting it.  We have
21   an office here at LSU that can help."

22        25.    On December 5, 2013, Dr. Liu emailed Quest Nutrition and stated, "I
23   will work on a disclosure here at LSU and then share the information we have with
24   you, including the 3D data we will pursue.  I saw that LSU/Quest has a CDA in
25   place and perhaps we can expand that to include this information.  Because Quest
26   funded this it's my opinion that Quest ought to have the right to negotiate a
27   license."

28        26.    On December 16, 2013, Mike Osborn of Quest Nutrition emailed Dr.

Liu regarding the IP ownership issue and requested the contact information for LSU's representative for such matters.  Dr. Liu responded on December 17, 2013 and identified Wade Baumgartner as the Director, Office of Sponsored Programs and Intellectual Property for Louisiana State University.

27.   Dr. Liu's December 17, 2013 email also informed Quest Nutrition for the first time that a provisional patent application had been filed by Defendants.  On information and belief, the patent application does not list any Quest Nutrition employee as an inventor.  Furthermore, on information and belief, the rights to the patent application have been assigned to Board and/or Agricultural Center in an intentional, willful, and fraudulent manner to misappropriate the confidential information provided by Plaintiff to Defendants.

28.   On or about January 2, 2014, Defendants sent a draft Confidentiality and Non-Disclosure Agreement to Quest Nutrition ("January NDA").  The January NDA was not signed by Quest Nutrition.  The January NDA, as drafted by Defendants, describes "Confidential Information" as "information from LSU" and includes information relating to the results of the testing that Plaintiff commissioned to be performed and that were misappropriated by Defendants.  The "Confidential Information" further includes the information disclosed in the provisional patent application that Defendants filed without authorization from Quest Nutrition, the LSU patent disclosure form related to that application, and "any additional know how, methods, or compositions of matter that may have been developed relating to [the patent disclosure form] and patents/patent applications listed…."  Under the terms of this proposed January NDA, Quest Nutrition would be restricted in its use of the testing information it had contracted and paid to be produced.

29.   Despite repeated requests from Quest Nutrition, Defendants have refused to provide the results of the tests commissioned and paid for by Quest Nutrition further demonstrating Defendants' intentional, flagrant, and willful

misconduct. Quest Nutrition has never refused to pay any invoice presented to Quest Nutrition for services rendered by Defendants.

30. Defendants have further refused to provide Quest Nutrition with copies of the patent application that was fraudulently filed by Defendants without Quest Nutrition's authorization or consent. On information and belief, Quest Nutrition alleges that the patent application covers inventions that were created, in whole or in part, by Quest Nutrition. Therefore, Quest Nutrition seeks a declaration of ownership and correction of inventorship to ensure that the patent rights of Quest Nutrition are properly protected.

## FIRST CAUSE OF ACTION

### Declaratory Judgment For Ownership Of Patent Application

31. Plaintiff realleges the allegations contained in paragraphs 1 through 30.

32. Quest Nutrition commissioned Defendants Board and Agricultural Center to conduct an investigation. Specifically, Quest Nutrition contracted to have Defendants Board and Agricultural Center identify a sweetener within a product that was provided by Quest Nutrition for analysis.

33. Quest Nutrition provided Defendants Board and Agricultural Center confidential information under the terms of a September 9, 2013 Confidentiality and Non-Disclosure Agreement pertaining to the product for use in identification of the sweetener.

34. On information and belief, Defendant Board and/or Defendant Agricultural Center used this information in the investigation.

35. Defendants then prepared a provisional patent application that was prepared and filed without authorization from Quest Nutrition.

36. Defendants' filing of the provisional patent application was fraudulent and in intentional and willful disregard to Quest Nutrition's rights to the confidential information and all associated intellectual property.

37. On information and belief, ownership of this provisional patent application has been improperly assigned to Defendant Board and/or Defendant Agricultural Center despite the terms of the Agreement and in contravention of Quest Nutrition's rights to the inventions described in the provisional patent application.

38. There is an actual and justiciable controversy between Quest Nutrition and the Defendants with respect to the ownership of the provisional patent application.

## SECOND CAUSE OF ACTION

**Declaratory Judgment For Correction Of Inventorship Of Patent Application**

39. Plaintiff realleges the allegations contained in paragraphs 1 through 38.

40. Quest Nutrition commissioned Defendants Board and Agricultural Center to conduct an investigation. Specifically, Quest contracted to have Defendants Board and Agricultural Center identify a sweetener within a product that was provided by Quest Nutrition for analysis.

41. Quest Nutrition provided Defendants Board and Agricultural Center confidential information under the terms of a September 9, 2013 Confidentiality and Non-Disclosure Agreement pertaining to the product for use in identification of the sweetener.

42. On information and belief, Defendant Board and/or Defendant Agricultural Center used this information in the investigation.

43. Defendants then prepared a provisional patent application that was filed without authorization from Quest Nutrition. In the absence of the ability to inspect the disclosure Plaintiff can only assume that Quest Nutrition's representatives might be named as an inventor based on Dr. Liu's statements that he had never seen a product like this. Further substantial efforts were necessary to identify the compound and that it is differentiated from the existing compounds

pursuant to the chromatograms provided by Quest Nutrition.

44. Defendants' filing of the provisional patent application was fraudulent and in intentional and willful disregard to Quest Nutrition's rights to the confidential information and all associated intellectual property.

45. On information and belief, the list of inventors for this provisional patent application is incorrect because it fails to name any Quest Nutrition employee.

46. There is an actual and justiciable controversy between Quest Nutrition and the Defendants with respect to the inventorship of the provisional patent application.

## THIRD CAUSE OF ACTION
### Preliminary Injunctive Relief

47. Plaintiff realleges the allegations contained in paragraphs 1 through 46.

48. Starting in December 2013 and continuing to the date of this Complaint, Plaintiff has demanded that Defendants provide a copy of all results from the investigations conducted pursuant to the Agreement and a copy of the provisional patent application.

49. Defendants have refused to provide Plaintiff with the requested information despite Plaintiff's entitlement to this information under the Agreement and the Research Agreement.

50. Defendants' actions have threatened Plaintiff's ability to patent, produce, and market the sweetener product that was the subject of the Agreement and the Research Agreement. Plaintiff therefore seeks immediate assistance of the Court to prevent further harm to Plaintiff's interests.

51. To prevent harm to Plaintiff's intellectual property rights and business interests, Plaintiff seeks an injunction (1) precluding Defendants from assigning, licensing, disclosing, or using in any manner the inventions disclosed in the

provisional patent application; and (2) disclosing or otherwise using any confidential information disclosed by Plaintiff pursuant to the Agreement to any third party; and (3) disclosing or otherwise using any information obtained during the investigations conducted pursuant to the Agreement.

## FOURTH CAUSE OF ACTION

### Accounting

52. Plaintiff realleges the allegations contained in paragraphs 1 through 51.

53. Defendants have breached the Agreement by using Plaintiff's confidential information in violation of the provisions of the Agreement.

54. Specifically, Defendants have filed an unauthorized provisional patent application in breach of the Agreement between the parties that, on information and belief, does not correctly list the true inventors of the inventions disclosed.

55. Furthermore, on information and belief, the provisional patent application is improperly assigned to Defendant Board and/or Defendant Agricultural Center.

56. Defendants' filing of the provisional patent application was fraudulent and in intentional and willful disregard to Quest Nutrition's rights to the confidential information and all associated intellectual property.

57. On information and belief, Plaintiff alleges that Defendants have benefited from this improper patent filing and the breach of the Agreement, and Plaintiff seeks an accounting of any monies received by Defendants, including, but not limited to, grant monies, funding, and licensing revenues, due to these improper acts.

## FIFTH CAUSE OF ACTION

### Conversion

58. Plaintiff realleges the allegations contained in paragraphs 1 through 57.

59. Plaintiff provided its confidential information to Defendants Board and Agricultural Center pursuant to the Agreement and the Research Agreement.

60. Defendants received the confidential information and used the confidential information.

61. Defendants have refused to provide Plaintiff with the test results from experiments conducted pursuant to the Agreement and the Research Agreement that used the confidential information.

62. Defendants have filed a provisional patent application that is based, at least in part, on the confidential information and have therefore improperly used the information provided by Quest Nutrition for an unauthorized purpose.

63. Defendants' filing of the provisional patent application was fraudulent and in intentional and willful disregard to Quest Nutrition's rights to the confidential information and all associated intellectual property.

64. Defendants have improperly used this confidential information and intentionally interfered with Plaintiff's rights to this confidential information by filing of an unauthorized provisional patent application and withholding of the test results commissioned pursuant to the Agreement and the Research Agreement.

65. Defendants' improper use of the confidential information has caused Plaintiff to suffer damages in an amount to be determined at trial. Plaintiff is therefore entitled to actual damages sustained as a result of Defendants' wrongful acts including an award of Defendants' unjust enrichment, as well as sums sufficient to compensate Plaintiff for all harm suffered as a result of Defendants' conduct.

## SIXTH CAUSE OF ACTION

**Breach of Contract**

66. Plaintiff realleges the allegations contained in paragraphs 1 through 65.

67. Plaintiff and Dr. Liu, an agent for Defendants, entered into a Research

1  Agreement on September 30, 2013.

2  68. Plaintiff offered to pay Dr. Liu to isolate and structurally elucidate the chemical structure of a sweetener for development by Quest Nutrition.

69. Dr. Liu agreed to conduct the testing for consideration in the amount of $10,000. Dr. Liu estimated the consulting fee would be $2400 for 8 hours of his time. Dr. Liu also estimated that the lab service fees payable to the university would cost $5,000 for extraction, isolation, purification, $1,000 for HPLC analysis and $2,000 for structural elucidation. Dr. Liu stated that Quest Nutrition would receive two invoices when the work was done, one from Dr. Liu and the other from the university.

70. Dr. Liu further agreed to share the testing results to include the 3D data with Quest Nutrition.

71. Dr. Liu sent Quest Nutrition an invoice for his consulting services.

72. Quest Nutrition made all requested payments to Dr. Liu and Louisiana State University for work performed.

73. Defendants refuse to provide the test results to Quest Nutrition as provided in the Research Agreement.

74. Defendants have breached the Research Agreement.

75. Defendants' breach of the Research Agreement has caused Plaintiff to suffer damages in an amount to be determined at trial. Plaintiff is therefore entitled to actual damages sustained as a result of Defendants' wrongful acts including an award of Defendants' unjust enrichment, as well as sums sufficient to compensate Plaintiff for all harm suffered as a result of Defendants' conduct.

### SEVENTH CAUSE OF ACTION
**Breach of Contract**

76. Plaintiff realleges the allegations contained in paragraphs 1 through 75.

77. Plaintiff and Defendants Board and Agricultural Center entered into

1   the Agreement on September 9, 2013.

2   78.   Plaintiff provided confidential information to Defendants Board and Agricultural Center pursuant to that Agreement.

3   79.   Defendants Board and Agricultural Center used the confidential information to conduct tests on a product provided by Plaintiff and obtained test results.

4   80.   Defendants have refused to provide the test results to Plaintiff.

5   81.   Defendants Board and Agricultural Center filed a provisional patent application.

6   82.   Plaintiff did not authorize the filing of the provisional patent application.

7   83.   Defendants have refused to provide Plaintiff with a copy of the provisional patent application.

8   84.   Defendants have breached the Agreement.

9   85.   Defendants' breach of the Agreement has caused Plaintiff to suffer damages in an amount to be determined at trial.  Plaintiff is therefore entitled to actual damages sustained as a result of Defendants' wrongful acts including an award of Defendants' unjust enrichment, as well as sums sufficient to compensate Plaintiff for all harm suffered as a result of Defendants' conduct.

## EIGHTH CAUSE OF ACTION

### Inducing Breach of Contract

86.   Plaintiff realleges the allegations contained in paragraphs 1 through 85.

87.   Plaintiff and Dr. Liu, an agent for Defendants, entered into a Research Agreement on September 30, 2013.

88.   If it is determined that Defendants were not a party to this Research Agreement, Defendants knew of the Research Agreement.

89.   On information and belief, Defendants intended to cause Dr. Liu to

breach the Research Agreement.

90. Defendants' actions caused Dr. Liu to breach the Research Agreement.

91. The Research Agreement has been breached due to the failure to deliver the testing results to Quest Nutrition and the misappropriation and improper use of the test results.

92. Defendants' conduct was a substantial factor in causing Plaintiff to suffer damages in an amount to be determined at trial. Plaintiff is therefore entitled to actual damages sustained as a result of Defendants' wrongful acts including an award of Defendants' unjust enrichment, as well as sums sufficient to compensate Plaintiff for all harm suffered as a result of Defendants' conduct.

## NINTH CAUSE OF ACTION

### Unfair Competition

93. Plaintiff realleges the allegations contained in paragraphs 1 through 92.

94. By reason of the acts described above, Defendants have been, and are, engaging in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 et seq. of the California Business & Professions Code and acts of unfair competition in violation of the common law.

95. Defendants' acts have caused and will continue to cause irreparable damage to Plaintiff. Plaintiff therefore seeks injunctive relief to restrain and enjoin Defendants from further harming Plaintiff's business and intellectual property interests. Plaintiff further seeks an award of damages in an amount to be determined at trial for actual damages sustained as a result of Defendants' acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration that Quest Nutrition is the true and correct owner of the provisional patent application;

2. For a declaration correcting inventorship of the provisional patent

application;

3. For injunctive relief precluding Defendants from disclosing, assigning, licensing, or otherwise using any confidential information received from Plaintiff or the contents of the provisional patent application;

4. Granting an award of damages suffered by Plaintiff according to proof at the time of trial;

5. For the costs of the suit herein incurred, including reasonable attorneys' fees to the extent permitted by law; and

6. For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 14, 2014

MARK P. WINE
KURT T. MULVILLE
MARK J. SHEAN
JAMES MAUNE
Orrick, Herrington & Sutcliffe LLP

By: /s/ Mark Wine
MARK P. WINE
Attorneys for Plaintiff
QUEST NUTRITION, LLC